IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BAYER HEALTHCARE LLC and<br>MEDA PHARMACEUTICALS INC.,<br><br>Plaintiffs,<br><br>v.<br><br>APOTEX INC. and APOTEX CORP.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 21-1429 (WCB) |
| BAYER HEALTHCARE LLC and<br>MEDA PHARMACEUTICALS INC.,<br><br>Plaintiffs,<br><br>v.<br><br>AUROBINDO PHARMA LTD. and<br>AUROBINDO PHARMA USA, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 21-1575 (WCB) |
| BAYER HEALTHCARE LLC and<br>MEDA PHARMACEUTICALS INC.,<br><br>Plaintiffs,<br><br>v.<br><br>AMNEAL PHARMACEUTICALS LLC and<br>AMNEAL PHARMACEUTICALS, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 21-1770 (WCB) |

**[PROPOSED] SCHEDULING ORDER**

The court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties[1] having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration:

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within 15 days of the date of this order. The parties shall also make their initial disclosures required by Paragraph 3 of the District of Delaware Default Standard within 30 days of the date of this order, except parties shall be permitted to disclose fewer than 10 custodians when reasonable.

2. <u>Infringement Contentions</u>.[2] Unless otherwise agreed to by the parties, not later than January 20, 2023, the plaintiffs in each case shall serve Infringement Contentions on the defendants in each case. The Infringement Contentions shall contain the following information:

   a. Each claim of each asserted patent that is allegedly infringed by the defendants;

   b. A chart identifying specifically where and how each limitation of each asserted claim is found within the accused product;

   c. For each limitation of each asserted claim, whether the limitation is alleged to be present literally or under the doctrine of equivalents in the accused product;

---

[1] For purposes of this order, the term "parties" refers collectively to the two corporate entities on each side of each of these three consolidated cases. The term "side" refers to the two plaintiffs as one "side" and the six defendants in the three consolidated cases as the other "side."

[2] Neither the Infringement Contentions nor the Invalidity Contentions discussed above shall obviate the requirement for exchange of initial infringement contentions and initial invalidity contentions as set forth in Paragraph 4 of the Delaware Default Standard for Discovery.

    d.  For any patent that claims priority to an earlier application, the priority date to which each asserted claim is alleged to be entitled.

   3. <u>Invalidity Contentions</u>.  Unless otherwise agreed to by the parties, not later than **[PLAINTIFFS' PROPOSAL:  February 3, 2023] [DEFENDANTS' PROPOSAL:  March 24, 2023]**, the defendants collectively shall serve their Invalidity Contentions on the plaintiffs collectively.  The Invalidity Contentions shall contain the following information:

    a.  The identity of each item of prior art that the defendants allege anticipates each asserted claim or renders the claim obvious.  Each prior art patent shall be identified by its number, country of origin, and date of issue.  Each prior art publication shall be identified by its title, date of publication, and, where feasible, author and publisher.  Any alleged sale or public use shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity that made the use or that made and received the offer, or the person or entity that made the information known or to whom it was made known.

    b.  Whether each item of prior art anticipates each asserted claim or renders it obvious.  If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness;

    c.  A chart identifying specifically where and how in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that such party contends is governed by 35 U.S.C. § 112(f), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

        d.    Any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(b), or lack of enablement or insufficient written description under 35 U.S.C. § 112(a) of any of the asserted claims.

    4.    <u>Amendment of Contentions</u>.  Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the court upon a timely showing of good cause.

    5.    <u>Joinder of Other Parties and Amendment of Pleadings</u>.  All motions to join parties and to amend or supplement the pleadings shall be filed on or before October 14, 2022.

    6.    <u>Discovery</u>.

        a.    <u>Discovery Cut Off</u>.  All fact discovery in this case shall be initiated so that it will be completed on or before March 13, 2023.

        b.    <u>Document Production</u>. Document production shall be substantially complete by January 13, 2023.

        c.    <u>Requests for Admission</u>.  The Plaintiffs will coordinate with one another and may jointly serve up to **10 common** requests for admission on the Defendants collectively, who will provide a coordinated response to each such request.  The Defendant Groups[3] will coordinate with one another and may jointly serve up to **10 common** requests for admission on the Plaintiffs, who will provide a coordinated response to each such request.  In addition, each Defendant Group may serve on the Plaintiffs up to **10** individualized requests for admission, and the Plaintiffs may serve on each Defendant Group up to **10** individualized requests for admission.  Requests for admission directed to

---

[3]    The Defendant Groups in this action are: (1) Apotex Inc. and Apotex Corp.; (2) Aurobindo Pharma Ltd. and Aurobindo Pharma USA; and (3) Amneal Pharmaceuticals LLC and Amneal Pharmaceuticals, Inc.

4

the following categories will not count against any of the foregoing limits on number of requests for admission:

    1.    Requests to admit to the authenticity of documents; and

    2.    Requests to admit that a document is a business record within the meaning of Fed. R. Evid. 803(6).

    **3.**    **[DEFENDANTS' PROPOSAL:  Requests to admit that a document qualifies as prior art to the asserted patents under applicable statutory provision(s), such as 35 U.S.C. 102(a), 102(b), etc.] [PLAINTIFFS' POSITION:  The foregoing category should count against the limits on requests for admission identified above.]**

    d.    <u>Interrogatories</u>.  The Plaintiffs will coordinate with one another and may jointly serve up to **10** common interrogatories on Defendants collectively, who will provide a coordinated response to each such interrogatory.  The Defendant Groups will coordinate with one another and may jointly serve up to **10** common interrogatories on the Plaintiffs, who will provide a coordinated response to each such interrogatory.  In addition, each Defendant Group may serve on the Plaintiffs up to **10** individualized interrogatories, and the Plaintiffs may serve on each Defendant Group up to **10** individualized interrogatories.

    e.    <u>Depositions</u>.  The Plaintiffs will coordinate with one another and be limited to a total of **[PLAINTIFFS' PROPOSAL:  90 hours] [DEFENDANTS' PROPOSAL:  75 hours]** of taking testimony of fact witnesses by deposition upon oral examination.  The Defendants will coordinate with one another and be limited to a total of **[PLAINTIFFS' PROPOSAL: 60 hours] [DEFENDANTS' PROPOSAL: 75 hours]** of

taking testimony of fact witnesses by deposition upon oral examination. Any deposition lasting less than 4 hours will count as 4 hours against the total time of the side taking the deposition. The parties may agree to take remote depositions. No single deposition shall last more than 7 hours on the record except that for any deposition conducted primarily through an interpreter, 1.5 hours of time on the record will count for 1 hour of deposition time against this total allotment. All deposition hours are inclusive of any Fed. R. Civ. P. 30(b)(6) depositions.

      f.    <u>Disclosure of Expert Testimony</u>.

          i.    <u>Expert Reports</u>. For the party that has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before April 28, 2023. Plaintiffs' responsive disclosure of expert testimony, including Plaintiffs' responsive disclosure of expert testimony regarding objective indicia of nonobviousness, and Defendants' responsive disclosure of expert testimony are due on or before June 9, 2023. Defendants' reply disclosure of expert testimony limited solely to objective indicia of nonobviousness is due on or before June 30, 2023. No other expert reports will be permitted without either the consent of all parties or leave of the Court. On July 7, 2023, the parties shall advise of the dates and times of their experts' availability for deposition. Unless extended by agreement of the parties or by order of the Court, expert depositions are limited to a maximum of 7 hours per expert, except that if an expert offers opinions related to both infringement and validity, the deposition of such expert shall be limited to 10 hours. Any expert depositions shall be taken no later than August 25, 2023.

    ii.  Objections to Expert Testimony.  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceutical, Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

   g.  Discovery Matters and Disputes Relating to Protective Orders.  Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's law clerk to schedule a hearing.  The Court's law clerk, Mr. Dane Sowers, can be reached at sowersd@cafc.uscourts.gov.  The Court will then direct the filing of letter briefs, to be followed by a telephonic hearing if the court considers the hearing necessary.  Discovery-related disputes should not be addressed by motion.

  7.  Application to the Court for a Protective Order.  Should counsel find it necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the court within **thirty days** from the date of this order.  Should counsel be unable to reach agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(g) above.

  Any proposed protective order must include the following paragraph:

> Other Proceedings.  By entering this order and limiting the disclosure of information in this case, the court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion

        so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

    8.    <u>Papers Filed Under Seal</u>.  When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers.  A redacted version of any sealed document shall be filed electronically within **seven days** of the filing of the sealed document.  Papers should not be filed under seal unless there is a specific and substantial reason that particular materials in those papers are confidential and need to be protected from disclosure.

    9.    <u>Courtesy Copies</u>.  The parties shall provide the court with a courtesy copy of all briefs in support of motions and a courtesy copy of any other document filed in support of any such brief (i.e., appendices, exhibits, declarations, affidavits, etc.) by mailing them to Judge Bryson's chambers, 717 Madison Place, N.W., Suite 910, Washington, D.C. 20439.  This provision also applies to papers filed under seal.

    10.    <u>Claim Construction</u>.  The parties will meet and confer to determine what, if any, issues of claim construction the court needs to address, including exchanges of proposed terms for construction, proposed constructions, and identification of intrinsic evidence in support of the parties' respective proposed constructions.  On or before September 16, 2022, the parties will advise the court as to what claim construction issues the parties have identified, which are ones on which the parties agree on a construction, which claim construction issues are disputed, and what the parties proposed claim constructions are for each of the identified claim construction issues, disputed or undisputed.

        a.    <u>Claim Construction Briefing</u>.  On or before October 7, 2022, the plaintiffs will file a brief of no more than 5000 words setting out their position on claim construction.  On October 21, 2022, the defendants in the three consolidated cases will file a single answering brief of no more than 5000 words setting out their position on claim

8

construction. On October 28, 2022 the plaintiffs may file a reply brief of no more than 5000 words on claim construction. On November 4, 2022 the defendants may file a sur-reply brief of no more than 5000 words on claim construction.

   b. <u>Meet and Confer on Claim Construction</u>. On or before November 8, 2022, the parties will meet and confer in an effort to narrow their disputes as to claim construction issues. Within three business days of the meet and confer, the parties will submit to the court a joint status report indicating what, if any, issues have been resolved or narrowed regarding claim construction.

   c. <u>Hearing on Claim Construction</u>. If, after considering the parties' briefs and the status report, the court determines that a hearing on claim construction would be useful, the court will set such a hearing. At least 10 days in advance of the hearing, each party will advise the court and the opposing party if live testimony will be presented at the hearing. The court strongly discourages the use of PowerPoints and other demonstratives. If the parties wish to refer to exhibits or illustrations, those should be included in the materials submitted to the court with the claim construction briefs.

  11. <u>Case Dispositive Motions</u>. No case dispositive motions shall be filed without leave of Court. Unless otherwise ordered, each side will address any Court-permitted case dispositive motions and all of their *Daubert* motions in an opening brief of no more than 7500 words. Each side may file a single responsive brief of no more than 7500 words. The movant may then file a single reply brief of no more than 2500 words.

  12. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

13.     Pretrial Conference.  On October [early October requested], 2023, the court will hold a final pretrial conference with counsel.  The parties shall file a joint proposed pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on _____ [the date that is the third business day before the date of the final pretrial conference].

14.     Motions in Limine.  Motions *in limine* shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the joint proposed pretrial order.  Each side will be limited to three *in limine* requests unless otherwise permitted by the court.  The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument.  The party making the *in limine* request may file a reply of one page in support of its request.

15.     Trial.  This case is scheduled for a five-day bench trial beginning at 9:00 a.m. on October [late October requested], 2023.  The trial will be timed, with each side being given 17.5 hours to present its case.

16.     **[DEFENDANTS' POSITION:  Plaintiffs will not be permitted to present against one Defendant Group any documentary or testimonial evidence elicited from another Defendant Group (or from any expert witness testifying on behalf of that other defendant), if that other Defendant Group was not, in the normal course of discovery, provided with that documentary evidence, or, in the case of testimonial evidence, was not afforded a full opportunity to question that witness at deposition, trial, and any other proceeding in which such testimony is being elicited.] [PLAINTIFFS' POSITION:  the foregoing paragraph presents an evidentiary question that should not be included in the Scheduling Order, but rather should be addressed in the context of specific evidence].**

IT IS SO ORDERED

SIGNED this _____ day of ____

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE